**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000423
10-OCT-2011
11:30 AM**

NO. CAAP-11-0000423

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MAKENNA MALIA MEILIN HOO, Plaintiff-Appellee,
v.
ERIC HOO, individually, as personal representative
of the ESTATE OF HERBERT NAM HOO, and as successor Trustee
of the HERBERT NAM HOO TRUST; RANDALL HOO; et al.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0409-03)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over this appeal that Defendant-Appellant Eric Hoo

(Appellant Eric Hoo) has asserted from the following two

judgments that the Honorable Patrick W. Border has entered:

- an April 19, 2011 "Judgment Granting Plaintiff Makenna Malia Meilin Hoo's Motion for (1) Entry of Judgment, (2) Judgment for Specific Acts, and (3) Reasonable Attorney's Fees and Costs Filed June 2, 2009" (the April 19, 2011 judgment on fees and costs), and

- an April 19, 2011 "Judgment on Order Granting Plaintiff Makenna Malia Meilin Hoo's Motion to Enforce Settlement" (the April 19, 2011 judgment on the order enforcing settlement).

As explained below, neither of the two April 19, 2011 judgments satisfies the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> Furthermore,

> if a judgment purports to be the final judgment in a case involving <u>multiple claims</u> or multiple parties, <u>the judgment</u> (a) <u>must specifically identify the party or parties for and against whom the judgment is entered</u>, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added). Otherwise,

> [i]f the circuit court intends that claims other than those

-2-

> listed in the judgment language should be dismissed, it must
> say so: for example, "Defendant Y's counterclaim is
> dismissed," or "Judgment upon Defendant Y's counterclaim is
> entered in favor of Plaintiff/Counter-Defendant Z," or "all
> other claims, counterclaims, and cross-claims are
> dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

Finally, under HRCP Rule 54(b),

> the power of a lower court to enter a certification of
> finality is limited to only those cases where (1) more than
> one claim for relief is presented or multiple parties (at
> least three) are involved, . . . and (2) the judgment
> entered completely disposes of at least one claim or all of
> the claims by or against at least one party.

Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai'i

129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted;

emphasis added).

Although Appellee Makenna Malia Meilin Hoo's (Appellee

Makenna Hoo) complaint asserted five separate counts against

multiple parties, the two April 19, 2011 judgments

- do not enter judgment in favor of and against any
  specifically identified party or parties,

- do not specifically identify the claim or claims on which
  the circuit court intends to enter judgment, and

- do not otherwise resolve at least one claim through
  dismissal.

Therefore, although the two judgments contain an express finding

of no just reason for delay in the entry of judgment pursuant to

HRCP Rule 54(b), the two April 19, 2011 judgements do not satisfy

the requirements for an appealable final judgment under HRCP

Rule 58 and the holding in Jenkins.

The two April 19, 2011 judgments have other flaws as

well with respect to appealability. For example, the April 19,

2011 judgment on fees and costs appears to have the effect of

merely awarding fees and costs. "Absent entry of an appealable

final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i 116, 123, 19 P.3d 699, 706 (2001); CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 306, 22 P.3d 97, 102 (App. 2001) ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them.").

Furthermore, without entering judgment on any specific claim with respect to any specifically identified party or parties, the April 19, 2011 judgment on the order enforcing settlement merely repeats the same ruling that the circuit court made through the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement. Although the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement was an immediately appealable collateral order (see Cook v. Surety Life Insurance, Company, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995)[1]), Appellant Eric Hoo did not timely appeal from the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement. Granted, "[t]he failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment." Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103

---

[1]     Based on the three requirements for the collateral order doctrine, the intermediate court of appeals has "h[e]ld that an order enforcing a settlement agreement is a collateral order which is appealable." Cook v. Surety Life Insurance, Company, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995).

P.3d 365, 375 (2004) (citation omitted). Nevertheless, as already explained, the circuit court has not yet entered a final judgment that satisfied the requirements for appealability under the holding in <u>Jenkins</u>. When a trial court enters two orders or judgments that are substantively identical, such as (1) the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement and (2) the April 19, 2011 judgment on the order enforcing settlement, then the entry of the first appealable order or judgment triggers the time period under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) for filing a notice of appeal, and the subsequent entry of the second (essentially identical) order or judgment does not postpone or re-start the time within which an appeal may be taken from the original appealable order or judgment. <u>Poe v. Hawaii Labor Relations Bd.</u>, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002).[2]

---

[2] When a court enters both a judgment and an amended judgment,

> [t]he general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although <u>where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal</u>.

<u>Poe v. Hawaii Labor Relations Bd.</u>, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added).

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. <u>If</u>, however, <u>the amendment</u> has neither of these results, but instead <u>makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree</u>.

<u>Id.</u> (citations, internal quotation marks, and brackets omitted; emphases added).

Appellant Eric Hoo did not file his May 19, 2011 notice of appeal within thirty days after entry of the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement, as HRAP Rule 4(a)(1) requires for a timely appeal. Therefore, Appellant Eric Hoo may obtain appellate review of the March 30, 2009 order granting Appellee Makenna Hoo's motion to enforce the settlement only after the circuit court enters a final judgment that satisfies the requirements for an appealable judgment under the holding in Jenkins.

Absent an appealable final judgment, this appeal is premature and we lack appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED AND DECREED that Appeal No. CAAP-11-0000423 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, October 10, 2011.


Chief Judge


Associate Judge


Associate Judge